**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2177

ESPERANZA GUERRERO,

             Plaintiff - Appellee,

        and

MARIA MUNGUIA; JUAN GUERRERO; JG, Minor; KG, Minor; JJG, Minor; MG, Minor,

             Plaintiffs,

        v.

DAVID L. MOORE, in his official and individual capacity,

             Defendant - Appellant,

        and

CHARLIE T. DEANE, in his official capacity; LUIS POTES, in his official and individual capacity; ADAM HURLEY, in his official and individual capacity; DOES 1-6, in their official and individual capacities; ROES 1-5, in their official and individual capacities; PRINCE WILLIAM COUNTY POLICE DEPARTMENT; PRINCE WILLIAM COUNTY; MATTHEW CAPLAN, in his official and individual capacity; KAREN MUELHAUSER, in her official and individual capacity; DOES 1-5, in their official and individual capacities,

             Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:09-cv-01313-JCC-TRJ)

Submitted:  July 18, 2011                    Decided:  August 4, 2011

_____

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Angela L. Horan, County Attorney, Jeffrey Notz, Assistant County Attorney, Prince William, Virginia, for Appellant.  Christina G. Sarchio, Haven G. Ward, Stephen A. Vaden, PATTON BOGGS LLP, Washington, DC; Cesar Perales, Diana Sen, Jose Perez, LATINO JUSTICE/PUERTO RICAN LEGAL DEFENSE FUND, New York, New York, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergeant David L. Moore appeals the district court's partial denial of his motion for summary judgment on the basis of qualified immunity. We affirm.

"Qualified immunity protects government officials from liability for violations of constitutional rights that were not clearly established at the time of the challenged conduct." Witt v. W. Va. State Police, Troop 2, 633 F.3d 272, 275 (4th Cir. 2011) (internal quotation marks, brackets, and citations omitted). Qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, to the extent it turns on an issue of law, a district court's denial of a claim of qualified immunity is immediately appealable despite the absence of a final judgment. Witt, 633 F.3d at 275. But, in hearing such an appeal, we "may not reweigh the record evidence to determine whether material factual disputes preclude summary disposition." Id. (internal quotation marks and citation omitted).

The Fourth Amendment to the Constitution protects individuals from unreasonable searches and seizures. "Except in such special situations [as consent or exigent circumstances], we have consistently held that the entry into a home to conduct

3

a search or make an arrest is unreasonable under the Fourth Amendment unless done pursuant to a warrant." Steagald v. United States, 451 U.S. 204, 211 (1981). "[A]ny physical invasion of the structure of the home, by even a fraction of an inch, [is] too much." Kyllo v. United States, 533 U.S. 27, 37 (2001) (internal quotation marks omitted).

Moore contends that he did not violate the Fourth Amendment rights of Esperanza Guerrero when he entered her home in an effort to serve a judicially-issued misdemeanor summons on Antonia Munguia. He fails to persuade us, however, that the summons was the functional equivalent of an arrest warrant for Fourth Amendment purposes. Summonses confer more limited authority than arrest warrants; notably, Moore lacked the authority to take Munguia into custody upon service of the summons. Moore fails to cite any persuasive Fourth Amendment precedent that permits a government official to enter a dwelling to serve a non-custodial misdemeanor summons. Indeed, the latest relevant opinion of the Virginia Attorney General concludes that an officer lacks such authority. 2003 Va. Op. Att'y Gen. 64, 2003 WL 23208766 (Sept. 16, 2003) ("[A]bsent consent of a dwelling owner, a law-enforcement officer must obtain a warrant before entering a dwelling for the purpose of serving a summons for a misdemeanor.").

4

The qualified immunity analysis does not terminate at the finding of a constitutional violation; rather we must discern whether the right at issue was "clearly established" at the time of the violation. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal quotation marks omitted). Thus, qualified immunity extends "ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

We find that the right at issue was clearly established at the time of the incident. Supreme Court precedent plainly stated the need for a warrant or an exception to the warrant requirement for an officer to enter a dwelling to conduct a search or to make an arrest. Payton v. New York, 445 U.S. 573, 586 (1980) ("It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable."). The presence of an earlier opinion of the Virginia Attorney General, see 1982-83 Va. Op. Att'y Gen. 18, 1982 WL 175892 (Aug. 20, 1982), does not upset that precedent, especially in light of the more recent superseding statement of the law by the same office.

5

Accordingly, we affirm the district court's partial denial of summary judgment on the basis of qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED